IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| LAWANDA GARNER, | * | |
| Plaintiff, | * | |
| v. | * | CV 214-166 |
| TERRY ROSS, in his Official Capacity as Chief of Camden County Board of Assessors, and THE CAMDEN COUNTY BOARD OF COMMISSIONERS, | * | |
| Defendants. | * | |

**O R D E R**

This matter is now before the Court on Defendants' Partial Motion to Dismiss. (Doc. 9.) On March 5, 2015, in response to Defendants' Partial Motion to Dismiss, Plaintiff Lawanda Garner filed her First Amended Complaint. (Doc. 11.) The First Amended Complaint "contains essentially two revisions: (1) Plaintiff dismisses her claims against Terry Ross in his individual capacity, and (2) Plaintiff has added three paragraphs which set forth facts of adverse treatment of Plaintiff on the basis of race which have occurred since Plaintiff filed her EEOC Charge and her Complaint in this action." (Pl.'s Resp., Doc. 10, at 8.) Subsequently, Defendant Ross and the Defendant Board of Commissioners each answered the First Amended Complaint. (Docs. 13, 14.)

The First Amended Complaint supersedes the original Complaint. Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). Further, the First Amended Complaint renders moot the Partial Motion to Dismiss because that motion seeks to dismiss a pleading that has been superseded. See Brown v. Credit Mgmt., LP, No. 1:14-CV-2274-TWT, 2015 WL 224758, at *2 (N.D. Ga. Jan. 15, 2015); Gulf Coast Recycling, Inc. v. Johnson Controls, Inc., No. 8:07-CV-2143-T-30 TBM, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) (concluding that the motion to dismiss was moot following the filing of the amended complaint because "[a]n amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint"); Renal Treatment Ctrs.–Mid-Atlantic, Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. 6:08-CV-87, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (noting that a pleading superseded by an amended complaint was "entirely irrelevant," and therefore concluding that the motion to dismiss the original pleading was moot). Accordingly, the Court **DENIES AS MOOT** the pending motion for partial dismissal. (Doc. 9.)

Defendants shall have **FOURTEEN (14) DAYS** to renew their partial motion to dismiss if they wish to re-assert, based on the First Amended Complaint, that "some of [Plaintiff's] claims are barred by the applicable statute of limitations" and she continues to "lack[] standing to bring some of her asserted claims" (Doc. 10 at 1).

The Court further **DIRECTS** the Clerk to **TERMINATE** Terry Ross in his Individual Capacity as a Defendant in this matter, as Plaintiff's First Amended Complaint no longer pursues relief against him in this capacity.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of May, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
~~SOUTHERN~~ DISTRICT OF GEORGIA