IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LAWANDA GARNER,

  Plaintiff,

v.          CV 214-166

TERRY ROSS IN HIS OFFICIAL
CAPACITY AS CHIEF OF CAMDEN
COUNTY BOARD OF ASSESSORS, and
THE CAMDEN COUNTY BOARD
OF COMMISSIONERS,

  Defendants.

# O R D E R

Plaintiff Lawanda Garner asserts claims against her supervisor Terry Ross and the Camden County Board of Commissioners for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*, and 42 U.S.C. § 1981. The Court **GRANTS** Defendants' motion for summary judgment (doc. 27) because (1) Plaintiff's employer is the Camden County Board of Tax Assessors ("Board"), not the Camden County Board of Commissioners ("County"); (2) the Board has less than fifteen employees and falls outside the scope of Title VII and § 1981; and (3) the County and Board are separate and distinct entities for which aggregation to

satisfy the numerosity requirement is improper. The Court **DENIES AS MOOT** Defendants' motion to dismiss (doc. 19).

## I. FACTUAL BACKGROUND

Plaintiff is an African-American female who works as a Real Property Appraiser under the direct supervision of Defendant Terry Ross, Chief Appraiser for the Board. (Doc. 11, "Pl.'s Am. Compl.," ¶¶ 3, 8.) Mr. Ross hired Plaintiff on November 1, 2010, to work for the Board as an Administrative Clerk and promoted her to Apprentice Appraiser I in February 2013. (Doc. 27-1, ¶¶ 4-5.)

On March 12, 2014, Plaintiff filed a charge of discrimination against the Board with the Equal Employment Opportunity Commission ("EEOC"), listing the Board as her employer. (Doc. 27-2, Ex. 2.) On August 6, 2014, the EEOC issued Plaintiff a Notice of Right to Sue. (Pl.'s Am. Compl. Ex. A.) On November 3, 2014, Plaintiff filed this lawsuit against the County and Mr. Ross in his official capacity as Chief Appraiser,[1] alleging Mr. Ross treated Plaintiff less

---

[1] The Board is a defendant because Plaintiff named Mr. Ross in his official capacity. See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (explaining that Title VII plaintiff may name employer or supervising employee as agent of employer).

2

favorably than similarly situated Caucasian and male colleagues. (Id. ¶¶ 12-13.) The Board has less than fifteen employees by itself, but more than fifteen if merged with the County and treated as a single employer. (Doc. 33-1, p. 1.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112,

3

1115 (11th Cir. 1993). When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways—by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp., 477 U.S. at 323). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If—and only if—the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If

4

the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981).

### III. DISCUSSION

In their motion for summary judgment, Defendants argue: (1) Plaintiff's employer is the Board and not the County; (2) the Board does not have fifteen or more employees and thus falls outside the purview of Title VII and § 1981; (3) the County and Board are separate, independent entities under Georgia law for which aggregation of employees is improper; (4) Plaintiff failed to exhaust her administrative remedies against the County because she named the Board as the sole

respondent in her EEOC Charge; and (5) Plaintiff was not promoted to the position of Appraiser II because of the legitimate, nondiscriminatory reason that she did not have the requisite two years of field experience as an appraiser. The Court need not address arguments four and five because the undisputed facts show Defendants are entitled to summary judgment with respect to arguments one through three.

### A. Plaintiff's Employer is the Board, not the County.

Title VII makes it unlawful "for an employer . . . to discriminate against any individual" on account of race and sex, and it also protects an employee from employer retaliation for claiming discrimination. 42 U.S.C. § 2000e-3(a). For discrimination claims under both Title VII and 42 U.S.C. § 1981, an "employer" is a person engaging in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks. 42 U.S.C. § 2000e(b); Bush v. Houston Cty. Comm'n, 414 F.App'x 264, 266 (11th Cir. 2011) ("In the employment context, § 1981 . . . claims require the same elements of proof and involve the same analytical framework as Title VII claims."). This definition of employer includes local and state governmental entities. 42 U.S.C. § 2000e-2(a). The employee numerosity

requirement is an element of a plaintiff's claim for relief rather than a jurisdictional issue. <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 515 (2006).

The amended complaint alleges Plaintiff is employed by the Camden County Tax Assessor's Office as a Real Property Appraiser. (Pl.'s Am. Compl. ¶¶ 3, 6-7.) The EEOC charge lists the Board as her employer. (Doc. 27-2, p. 1.) Plaintiff now argues at summary judgment that the County is her employer and the Board "is considered to be a department within the County." (Doc. 33-1, pp. 1, 4.) This belief is at odds with the statutory framework in Georgia establishing a board of tax assessors within each county that is separate and distinct from the county commission.

Georgia law establishes a comprehensive system for the administration and equalization of property taxes, and provides for the employment of staff within each county to assist the board of tax assessors. O.C.G.A. § 48-5-260; O.C.G.A. § 48-5-290(a). In each county, the board of tax assessors has the sole authority to hire and fire tax appraisers and enter into contracts with them. See <u>Chambers v. Fulford</u>, 495 S.E.2d 6, 7 (Ga. 1998); O.C.G.A. § 48-5-298(a). County commissions do not have this authority. See

Spell v. Blalock, 254 S.E.2d 842, 843 (Ga. 1979) ("The authority to hire and fire appraisers . . . is not a power vested in the commissioners."). Indeed, "in all matters dealing with county tax appraisers it is the board of tax assessors and not the board of commissioners which acts as the 'governmental board [which] has the authority to act for the county.'" Chambers, 495 S.E.2d at 7. Consistent with this framework, the board of tax assessors is considered to be the employer of tax appraisers for purposes of Title VII, not the county commission. Ballard v. Chattooga Cty. Bd. of Tax Assessors, 615 F. App'x 621, 622 (11th Cir. 2015).

Plaintiff points out that the County posts job openings at the Board and those postings list the Board as a County department. She also references boilerplate language in her employment forms containing an acknowledgment of "at-will" employment by the County instead of the Board. (Doc. 33-1, pp. 2-3; Pl.'s Decl. ¶ 4.) Because these summary judgment exhibits are not properly authenticated and verified, they are not admissible in opposition to the summary judgment motion. Saunders v. Emory Healthcare, Inc., 360 F.App'x 110, 113 (11th Cir. 2010); Lugue v. Hercules, Inc., 12 F. Supp. 2d 1351, 1356 (S.D. Ga. 1997).

That the Board and County share employment forms and a website for job postings, and in so doing reference the Board in a manner that does not reflect its true legal nature, does not trump the statutory scheme establishing the Board as a separate and distinct legal entity. Plaintiff contends the job postings prove the County itself hired Plaintiff, defined her job description, established her rate of pay, and set policy for leave. None of these conclusions follow from the job postings Plaintiff has submitted, and the statutory scheme described above proves the opposite of Plaintiff's contentions. At most, these job postings establish that the County advertises vacancies at the Board.

Plaintiff also claims the Board and County have the same human resources department. But this in no way establishes Plaintiff is an employee of the County rather than the Board. Nor does it matter that the County pays Plaintiff's salary. This is consistent with the Georgia statutory scheme directing the use of county funds to pay appraisers. O.C.G.A. § 48-5-263(c). The minimum level of funding is established and mandated at the state level. O.C.G.A. § 48-5-263(c); <u>Ballard</u>, 615 F. App'x at 624.

The undisputed facts and statutory scheme thus direct a summary judgment finding that the Board, and not the County, is Plaintiff's employer.

### C. The County and the Board Are Separate and Distinct Entities and Cannot Be Aggregated for Title VII Purposes.

Plaintiff alternately argues that, if the Board is her employer, the County and Board should be treated as a single employer to satisfy the numerosity requirement of fifteen or more employees because the County and Board are "inextricably interrelated." (Doc. 33-1, p. 3.) In <u>Lyes v. City of Riviera Beach, Fla.</u>, 166 F.3d 1332 (11th Cir. 1999), the Eleventh Circuit held that "[w]here a state legislative body creates a public entity and declares it to be separate and distinct, that declaration should be entitled to a significant degree of deference, amounting to a presumption that the public entity is indeed separate and distinct for purposes of Title VII." 166 F.3d at 1344.

There are two ways to rebut this presumption. First, a plaintiff may prove the governmental entity was created or maintained for the purpose of avoiding federal employment discrimination law. <u>Id.</u> As Defendants aptly point out, Plaintiff cannot demonstrate such evasion because enactment of

the Georgia statutes establishing the board of assessors for each county occurred decades prior to the enactment of Title VII. (Doc. 35, pp. 3-4.) And as the Eleventh Circuit explained in Lyes, "it is unlikely that a state would structure its state and local entities with that purpose in mind . . . ." 166 F.3d at 1344. Plaintiff has provided no evidence of such an intent.

Second, a plaintiff may present evidence sufficient to convince a reasonable fact finder that the presumption is clearly outweighed by "factors manifestly indicating that the public entities are so closely interrelated with respect to control of the fundamental aspects of the employment relationship that they should be counted together under Title VII." Id. at 1345. Factors to consider include: (1) interrelationship of operations and centralized control of labor operations; (2) authority to hire, transfer, promote, discipline or discharge; (3) authority to establish work schedules or direct work assignments; and (4) the obligation to pay or the duty to train the charging party. Id. These factors are not all inclusive because the analysis considers the totality of the circumstances. Id. The standard is whether a fact finder could reasonably conclude "the plaintiff

11

has *clearly* overcome the presumption." Id. (emphasis in original) The adverb "clearly" derives from federalism concerns and is meant to be limiting. Id. "It is a thumb on the scale, and sometimes it will be decisive. . . ." Id.

In Ballard v. Chattooga Cty. Bd. of Tax Assessors, 615 F. App'x 621, 622 (11th Cir. 2015), the Eleventh Circuit applied the Lyes analysis and held that a Georgia county and board of tax assessors are not so closely interrelated that they should be counted together under Title VII. After describing the Georgia statutory framework discussed *infra* § I, the Ballard court explained its reasoning in the following passage.

> From the foregoing recitation of Georgia law, it is clear that Georgia has established the Board as a separate entity, independent of the local county government, thus triggering the *Lyes* presumption. . . Applying *Lyes's* four guiding factors to the facts of this case as established by Georgia law, it is clear that the presumption is not rebutted. Rather, application of the factors overwhelmingly indicates that it is the Board—not the County—which has "control over the fundamental aspects of the employment relationships." *See id. Chambers* makes it clear that it is the Board—not the County—which has control of labor operations *[Lyes* factor number 1]; the authority to hire, transfer, promote, discipline or discharge [factor number 2]; and the authority to establish work schedules or direct work assignments [factor number 3]. *See* 495 S.E.2d at 8. With respect to factor number 4—the obligation to pay or the duty to train the charging authority—the rate of compensation for each appraiser, O.C.G.A. § 48-5-263(a)(1), and the

12

> training, *id.* § 48-5-268, are determined at the state level. While county funds comprise the major source of funding, at least the minimum level of funding is established, O.C.G.A. § 48-5-263(a)(1), and mandated, *id.* § 48-5-263(c), at the state level. Thus, the four factors listed by *Lyes* overwhelmingly establish that it is the Board—not the County—that controls the fundamental aspects of the employment relationships.
>
> Looking at the totality of the circumstances, it is true that the County provides the building in which the tax appraisers work, maintains the building, provides payroll and human resources services, and other administrative services. However, such administrative services are tangential to the "fundamental aspects of the employment relationships" and fall far short of creating a genuine issue of fact with respect to plaintiffs' heavy burden to "clearly overcome the presumption." *See Lyes* 166 F.3d at 1345.

Ballard, 615 F.App'x at 624-25.

The Ballard court's analysis applies fully here. Because the Board and County are separate entities and cannot be aggregated under the single employer test, Plaintiff has failed to meet Title VII's employee-numerosity requirement, an element of her claim. See Arbaugh, 546 U.S. at 515. Thus, summary judgment for Defendants is appropriate. See Fender, 295 F. App'x at 959 (affirming grant of summary judgment where plaintiff did not satisfy Title VII's numerosity requirement).

13

## IV. CONCLUSION

The Court **GRANTS** Defendants' motion for summary judgment (doc. 27) and **DENIES AS MOOT** Defendants' motion to dismiss (doc. 19). The Court **DIRECTS** the Clerk to enter **FINAL JUDGMENT** in favor of Defendants and **CLOSE** this case.

SO ORDERED this 28th day of March, 2016, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA